In re Salvatore James MARINO and
Dolores Carmen Marino,
Debtors.

Salvatore James Marino, Appellant,

v.

Classic Auto Refinishing,
Inc., Appellee.

BAP No. CC–98–1347–JBP.
Bankruptcy No. LA 91–76426–BR.
Adversary No. LA 94–02625A.

United States Bankruptcy
Appellate Panel
of the Ninth Circuit.

Argued and Submitted Jan. 22, 1999.

Decided June 2, 1999.

Simon J. Dunstan, Law Offices of Simon J. Dunstan, Encino, CA, for Salvatore James Marino, appellant.

Lary Alan Rappaport, McCambridge, Deixler & Marmaro, Los Angeles, CA, for Classic Auto Refinishing, Inc., appellee.

Before: JONES, BRANDT, and PERRIS, Bankruptcy Judges.

*OPINION*

JONES, Bankruptcy Judge:

**OVERVIEW**

Debtor Salvatore Marino appeals the bankruptcy court's order which denied the Debtor's motion to vacate the court's prior order. The prior order was reversed by this Panel, and that decision is currently on appeal to the Ninth Circuit Court of Appeals. The bankruptcy court concluded that it lacked jurisdiction to vacate its prior order. We **AFFIRM.**

**I. FACTS**

In 1991, Appellee Classic Auto Refinishing, Inc. ("Classic Auto") obtained a state court judgment against Debtor and his corporation for $741,000. The state court complaint was based on fraud and breach of contract claims. The Debtor and the corporation later filed chapter 11 bankruptcy petitions.

Classic Auto later filed an untimely nondischargeability complaint, which the bankruptcy court dismissed. This decision was later affirmed by the Bankruptcy Appellate Panel and the Ninth Circuit Court of Appeals.[1] The bankruptcy case was later converted to chapter 7, and a new deadline for filing complaints was provided. Classic Auto filed a timely complaint based on the same facts and allegations as the prior complaint.

Debtor filed a motion for summary judgment, arguing that the complaint was barred by res judicata because the first complaint was dismissed with prejudice. Classic Auto also filed a motion for summary judgment, arguing that the debt was nondischargeable based on the state court judgment. The bankruptcy court denied Debtor's motion. The court granted partial summary judgment in favor of Classic Auto under § 523(a)(2)(A) in the amount of $241,000. After a trial, the bankruptcy court entered judgment in favor of Classic Auto for $25,391 of the $241,000 debt as nondischargeable under § 523(a)(2)(A) and the entire $241,000 debt as nondischargeable under § 523(a)(6).

---

1. These decisions are reported at 143 B.R. 728 (9th Cir. BAP 1992), and 37 F.3d 1354 (9th Cir.1994), respectively.

Debtor appealed the summary judgment ruling and the trial ruling. The Bankruptcy Appellate Panel reversed the bankruptcy court as to the res judicata issue. The BAP's conclusion stated:

> Therefore, res judicata applied to preclude the refiling of Classic Auto's complaint in the Chapter 7 case. The bankruptcy court's judgment of March 8, 1996, is REVERSED and the matter is REMANDED in accordance with the foregoing disposition.

*Marino v. Classic Auto Refinishing, Inc. (In re Marino)*, 213 B.R. 846, 856 (9th Cir. BAP 1997). The BAP issued its mandate on October 22, 1997. On or about November 17, 1997, Classic Auto appealed the BAP's decision to the Ninth Circuit Court of Appeals.[2] According to Classic Auto, briefing is complete and the parties are awaiting oral argument before the Court of Appeals.

On February 20, 1998, Debtor filed a motion in the bankruptcy court to vacate the court's original judgment and dismiss the adversary proceeding based on the BAP's opinion. The bankruptcy court denied the motion, concluding that the appeal to the Court of Appeals divested the bankruptcy court of jurisdiction to vacate the prior judgment. The court also stated that the motion was "frivolous" and that Debtor had failed to disclose that the BAP decision had been appealed. The record does not indicate whether Debtor was sanctioned.

The Debtor timely filed this appeal.

## II. ISSUES

Whether the bankruptcy court erred in denying the Debtor's motion to vacate the prior judgment on the basis that the court lacked jurisdiction.

Whether, under Fed.R.Bank.P. 8020, the panel should award the Appellee its reasonable attorney's fees and costs on appeal

as sanctions against Debtor for pursuing this appeal.

## III. STANDARD OF REVIEW

 Whether the bankruptcy court has jurisdiction is an issue of law reviewed de novo. *In re San Rafael Baking Co.*, 219 B.R. 860, 863 (9th Cir. BAP 1998); *In re Hagel*, 184 B.R. 793, 795 (9th Cir. BAP 1995).

## IV. DISCUSSION

### A. Jurisdiction

On appeal, the Debtor argues that the bankruptcy court had jurisdiction to implement the BAP's Opinion despite the fact that the BAP Opinion had already been appealed to the Ninth Circuit Court of Appeals.

 "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Trulis v. Barton*, 107 F.3d 685, 694–95 (9th Cir.1995). This judge-made principle is designed to promote judicial economy and prevent the confusion that would result from two courts addressing the same issue. 20 JAMES WN. MOORE ET AL., MOORES's FEDERAL PRACTICE ¶ 303.32[1] (3rd ed. 1999) ("MOORE's"). A pending appeal divests a bankruptcy court of jurisdiction to vacate or modify an order which is on appeal. *In re Hagel*, 184 B.R. 793, 798 (9th Cir. BAP 1995). This principle serves to ensure "the integrity of the appellate process." *Id.*

> To this end, a trial court may not interfere with the appeal process or with the jurisdiction of the appellate court. It is equally established, however, that while an appeal of an order is pending, the trial court retains jurisdiction to implement or enforce the order. This is true

**2.** Classic Auto later filed with the Ninth Circuit Court of Appeals a motion to stay enforcement of the BAP's judgment. On May 1, 1998, the Court of Appeals denied the motion and declared the case ready for calendaring.

because in implementing an appealed order, the court does not disrupt the appellate process so long as its decision remains intact for the appellate court to review.

*Id.* Courts thus distinguish between actions to enforce the judgment, which are permissible, and actions to expand upon or alter the judgment,· which are prohibited. *Id. See also* 20 MOORE'S ¶ 303.32.

■ Once an appellate court renders its decision on the appealed order, jurisdiction remains with the appellate court until that court issues its mandate pursuant to Fed. R.App.P. 41.[3] *Caldwell v. Puget Sound Electrical Apprenticeship and Training Trust*, 824 F.2d 765, 767 (9th Cir.1987). *See also In re Thorp*, 655 F.2d 997, 998 (9th Cir.1981); 20 MOORE'S ¶ 341.12[2].

■ Once again, however, a timely notice of appeal of the BAP's decision to the Court of Appeals divests the lower courts of jurisdiction over the matter. *Trulis*, 107 F.3d at 695. *See also* 20 MOORE'S ¶ 303.32[2][a][ii].

■ Debtor essentially argues that the bankruptcy court should provide him with the benefit of the BAP's reversal by vacating the original judgment. The Debtor filed his motion to vacate the bankruptcy court judgment almost three months after Classic Auto appealed the BAP decision to the Court of Appeals. The notice of appeal, filed to the Ninth Circuit Court of Appeals on November 17, 1997, thus divested the bankruptcy court of the jurisdiction it had regained as a result of the BAP mandate issued October 22, 1997.

Consistent with Fed.R.App.P. 8, the proper procedure for the Appellant in this case was to first file a motion in the bankruptcy court to seek a stay, in light of the BAP decision, of any further actions to enforce the appealed judgment. If the bankruptcy court denies the motion or otherwise does not provide the relief requested, a motion for relief may then be filed in the appellate court that currently has jurisdiction over the original appeal. Fed. R.App.P. 8(a). The bankruptcy court is powerless to vacate the judgment and dismiss the proceedings because either would change the status quo.

We conclude that the bankruptcy court did not err in concluding that it did not have jurisdiction to grant the Debtor's motion. We affirm the ruling of the bankruptcy court on this basis.

The Debtor also argues that the bankruptcy court incorrectly concluded that the motion to vacate was frivolous. There is no indication in the record on appeal that the bankruptcy court sanctioned the Debtor or his counsel for the motion. Based on our conclusion above and since no sanction was imposed, we need not reach this issue.

**B. Sanctions**

■ In their appellate brief, Classic Auto asks the panel to sanction the Debtor under Fed.R.App.P. 38 for filing a frivolous appeal. This Panel will apply Fed. R.Bankr.P. 8020, which mirrors the language of Fed.R.App.P. 38, and exists to clarify that district courts and bankruptcy appellate panels have the authority to award damages or costs for frivolous appeals. Advisory Committee Notes on 1997 Addition of Fed.R.Bankr.P. Rule 8020, 11 U.S.C.A. A request for sanctions under Fed.R.Bankr.P. 8020 requires a "separately filed motion or notice from the court." Fed.R.Bankr.P. 8020. "A request for sanctions in an appellee's brief is procedurally improper ... as it does not provide the appellant sufficient notice and opportunity to respond to the request." *In re Schmitt*, 215 B.R. 417, 425 (9th Cir. BAP 1997); *In re Sandoval*, 186 B.R. 490, 496 (9th Cir. BAP 1995). The request for sanctions is denied.

---

**3.** "Under BAP Rule 13, we may apply the Federal Rules of Appellate procedure where the Bankruptcy Rules and the BAP Rules are silent as to a particular matter of practice before the Panel." *In re Robnett*, 165 B.R. 272, 274 (9th Cir. BAP 1994).

## V. CONCLUSION

The panel concludes that the bankruptcy court lacked jurisdiction to vacate its prior judgment because the judgment was on appeal to the Ninth Circuit Court of Appeals. The Appellee's request for sanctions on appeal is procedurally improper. We **AFFIRM** the ruling of the bankruptcy court.