COVE/MALLARD COALITION; Michael Bowersox; Molly Karp; Kristen Gustafson; Robert Zweifel; Marcus Baker;, Plaintiffs—Appellants,

Lawrence A. Hildes, Appellant,

and

Michael Tennenbaum, Plaintiff,

v.

U.S. FOREST SERVICE; Idaho County; Idaho County Sheriff's Department; Chuck C. Wildes, individually and in his official capacity as Acting

Supervisor of the Nez Perce National Forest; Dan Hawkes, individually and in his professional capacity as Law Enforcement Supervisor of the Nez Perce National Forest; Debbie, individually and in her professional capacity as a Law Enforcement Ranger of the United States Forest Service; Ray Cox, individually and in his professional capacity as an Administrator for the Nez Perce National Forest; R.E. Meinen, individually and in his professional capacity as the Sheriff of Idaho County; J.D. Doyle; Lindsey, Detective, individually and in his professional capacity as a Detective of the Idaho County Sheriff's Department; Skott Mealer, individually and in his professional capacity as a Lieutenant of the Idaho County Sheriff's Department; Highland Enterprises, Inc.; Don Blewett; Dick Willhyte; Monte Haight; Malcolm Layman; Jim Uhlenkott; Dick Bennett; Frank Bennett; Shearer Lumber Products; Does 1–500, Defendants—Appellees,

and

Nez Perce National Forest; Joe Bob, Defendants.

No. 02–35359.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 4, 2003.*

Decided June 6, 2003.

Before LAY,** GOODWIN, and GOULD, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Donald Lay, Senior United States Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation.

## MEMORANDUM ***

The appellants are environmental activists who sued appellee lumber mill, its shareholders, and its manager, as well as other defendants no longer parties,[1] alleging that the appellees are vicariously liable under Idaho law for alleged torts committed by unknown assailants who raided the activists' camp in the Nez Perce National Forest. We do not reach the merits of the appellants' claims, however, because we lack jurisdiction to review the district court's order granting summary judgment to the appellees. We lack jurisdiction and must dismiss this appeal.

■ *First,* we lack jurisdiction because the appellants failed to file a timely notice of appeal. Under Federal Rule of Appellate Procedure 4(a)(1)(B), the appellants were required to file a notice of appeal within sixty days after the district court's March 8, 2002 judgment. They did not do so, defeating our jurisdiction. *See Hohn v. United States,* 524 U.S. 236, 118 S.Ct. 1969, 141 L.Ed.2d 242 (1998) (holding that failure to file a timely appeal is a jurisdictional defect barring the appeal).

Lawrence A. Hildes, the appellants' former attorney, purported to file a notice of appeal for the appellants on April 8, 2002, thirty-one days after the district court's judgment was entered. But Hildes was not authorized to file pleadings with the district court because the district court had explicitly revoked Hildes's *pro hac vice* admission as a result of the district court's finding that Hildes had engaged in misconduct.[2] Because Hildes no longer was admitted to practice before the United States District Court for the District of Idaho, the notice of appeal he purported to file was void. *See* Dist. Idaho R. Civ. & Crim. P. 83.4(b) ("Only a member of the bar of this court may appear for a party, sign stipulations, or receive payment or enter satisfactions of judgment, decree, or order."). *See also* Fed.R.Civ.P. 11(a) ("Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party.... An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party."). *Cf. Singh v. INS,* 315 F.3d 1186, 1189 (9th Cir.2003) (holding that the Board of Immigration Appeals properly refused to recognize a purported legal representative who had not filed a notice of appearance, even though the petitioner's brief disclosed that it had been prepared by the attorney).[3]

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Other defendants included Idaho County and several of its employees, as well as an independent contractor that was building a road to assist the logging.

2. Hildes is licensed to practice law in California. Hildes's *pro hac vice* admission for the District of Idaho was revoked by the district court's order on February 2, 2002, concluding that Hildes had (among other rule violations) willfully attempted to conceal the fact that the court reporter he hired to record depositions was the mother of a appellant, a violation of

Federal Rule of Civil Procedure 28(c) ("No deposition shall be taken before a person who is a relative ... of any of the parties.").

3. The appellants' former local counsel, Bernard Zaleha, signed the purported notice of appeal. In so doing, Zaleha attempted to act for *Hildes,* not for the *appellants.* The notice of appeal states that "appellants/plaintiffs, *through counsel Lawrence A. Hildes* ... appeal to the U.S. Court of Appeals for the Ninth Circuit." (emphasis added). The notice of appeal's language does not mention Zaleha. Moreover, Zaleha wrote the words "for Lawrence A. Hildes" under his signature at the end of the notice. Zaleha did not sign the notice of appeal in his own name. Moreover,

*Second,* even if the plaintiffs *had* filed a timely notice of appeal, we still would lack jurisdiction. That is because the plaintiffs' appeal was rendered moot when the district court subsequently dismissed the plaintiffs' claims for their failure to obey the district court's order requiring them to appear with new counsel.

The district court on March 8, 2002, filed an order permitting local counsel Zaleha to withdraw and instructing the plaintiffs that their claims would be dismissed unless they appeared *pro se* or with new counsel within twenty days of Zaleha's filing proof he had served the order on the plaintiffs.[4] On March 14, 2002, Zaleha filed such proof. The appellants (with one exception[5]) did not appear in person or through newly appointed counsel within the twenty-day period allowed by the district court. The district court thus dismissed the appellants' claims on April 9, 2002. Because the district court's dismissal resolved the dispute between the appellants and appellees, the appeal is moot. *See Village of Gambell v. Babbitt,* 999 F.2d 403, 406 (9th Cir.1993).

The appellants have not argued that the district court lacked jurisdiction to dismiss the appellants' claims on April 9, 2002,[6] because the appellants' erstwhile attorney had attempted to file a purported notice of appeal on April 8, 2002. But even if we assumed that the purported notice of appeal was effective, we still would conclude that the district court's dismissal of the claims mooted the appeal and deprived us of jurisdiction.

In general, timely filing of a proper notice of appeal divests the district court of jurisdiction over those aspects of the case involved in the appeal. *United States v. Thorp,* 655 F.2d 997, 998 (9th Cir.1981); *G & M, Inc. v. Newbern,* 488 F.2d 742, 746 (9th Cir.1973). But absent a stay or supersedeas, a district court retains jurisdiction "to implement or enforce [a prior] judgment or order but may not alter or expand upon the judgment." *Padilla v. Padilla,* 222 F.3d 1184, 1190 (9th Cir.2000). Here, the district court's April 9 order merely enforced its March 8 order, making

Zaleha already had successfully withdrawn as the plaintiffs' counsel. Zaleha thus was attempting to sign the notice as Hildes's agent, not as the plaintiffs' attorney.

Even if we are incorrect that Zaleha was not acting as the plaintiffs' attorney in filing the notice of appeal, the notice of appeal still would be void. The district court already had granted Zaleha's motion to withdraw as local counsel. Zaleha already had served a copy of the court's order to the plaintiffs. And Zaleha already had filed proof of service of the withdrawal order on the plaintiffs. Under the terms of the district court's order and the local court rules, this action terminated Zaleha's representation of the plaintiffs.

4. The district court's March 8 order stated:

Plaintiffs are advised by the Court that if Plaintiffs fail to appear in the action, either in person or through a newly appointed attorney within such twenty (20) day period, such failure will be sufficient grounds

for the entry of default against such party or the dismissal of the action of such party with prejudice and without further notice.

5. This appeal is not moot as to appellant Molly Karp because the district court did not dismiss Karp's lawsuit in its April 9, 2002, order. The district court did not dismiss Karp's lawsuit because she filed a notice of appearance pro se within twenty days of Zaleha's filing proof that he had served her with the district court's order permitting him to withdraw as local counsel. Nonetheless, we lack jurisdiction over Karp's appeal because she failed to file a timely notice of appeal, as explained above.

6. The appellants' opening brief did not address either of the jurisdictional flaws we discuss. And the appellants did not file a reply brief, or otherwise respond on jurisdiction, even though the appellees' opposition brief expressly argued that we lack jurisdiction.

good on its warning that it would dismiss the claims unless the parties heeded its instruction to reappear pro se or with new counsel. The appellants did not obtain (or attempt to obtain) a stay or supersedeas. The district court had jurisdiction to enforce its earlier order, and its doing so effectively ended the controversy between the litigants rendering the case moot.

We have no jurisdiction because of the appellants' failure to file a timely notice of appeal. Alternatively, we have no jurisdiction because of mootness.

**APPEAL DISMISSED.**