MEMORANDUM**
The United States Department of Labor (DOL) appeals from the district court’s order terminating withdrawal of reference and referring appellee Barclay Grayson’s Chapter 13 proceedings to the bankruptcy court. Because the parties are familiar with the background facts of the case, we restate them only to the extent necessary for this disposition.
A. Appellate Jurisdiction
Earlier in this appeal, we issued an order to show cause why we should not dismiss the appeal for lack of jurisdiction *786 under 28 U.S.C. § 158, citing two 1990 opinions in which we held that “an order denying a motion to dismiss a debtor’s petition is not final.” Dunkley v. Rega Props., Ltd. (In re Rega Props., Ltd.), 894 F.2d 1136, 1138-39 (9th Cir.1990); Allen v. Old Nat’l Bank of Wash. (In re Allen), 896 F.2d 416, 418 (9th Cir.1990). However, since the Rega Properties and Allen decisions, we have articulated a four-factor “pragmatic test” for assessing the finality of orders in bankruptcy proceedings, see, e.g., Lundell v. Anchor Constr. Specialists, Inc., 223 F.3d 1035, 1038 (9th Cir.2000), and we have applied this test in procedural settings similar to that in the present case, see, e.g., Neary v. Padilla (In re Padilla), 222 F.3d 1184, 1188 (9th Cir.2000); Dominguez v. Miller (In re Dominguez), 51 F.3d 1502, 1506 (9th Cir.1995). The Lundell factors support the conclusion that we have jurisdiction over the present appeal. Although delaying review here would probably not cause any of the parties additional harm, the other three Lundell factors weigh in favor of our finding jurisdiction:
(1) Since the bankruptcy proceedings are now largely concluded, piecemeal litigation is unlikely to result from our decision of this appeal.
(2) A finding that we have jurisdiction will serve judicial efficiency by obviating the need for a separate appeal from the bankruptcy court’s confirmation order.
(3) The issues before us are primarily legal and do not require further fact finding.
We conclude that under the circumstances of this case we have jurisdiction over the district court’s order. See 223 F.3d at 1038.
B. The Merits
DOL argues that the district court misapplied principles of agency law and as a result erred in concluding that Grayson’s attorney lacked authority to bind Grayson to responsibility for receivership fees and costs. We reject these arguments.
(1) DOL argues first that Gray-son’s attorney had actual authority to bind Grayson to the disputed clause. Actual authority may be either express or implied. Kaiser Found. Health Plan v. Doe, 136 Or.App. 566, 903 P.2d 375, 379 n. 3 (1995). DOL does not dispute the district court’s factual finding that Grayson never gave his attorney authority to agree to liability for the receivership fees and costs and that had he known of the financial liability he would not have agreed to the stipulation. DOL’s argument, premised on Kaiser, is that by permitting his lawyer to return and execute an agreement with DOL Grayson vested him with actual authority. We reject the argument, for the Kaiser court found actual authority where the principal had instructed her attorney to accept the specific terms of a settlement offer, which had been communicated to the principal, after a short delay. 903 P.2d at 377, 379-80. These instructions constituted a grant of express authority to the attorney to accept specific settlement terms on the principal’s behalf. Id. at 379. At the time of execution of the consent order in the present case, in contrast, Grayson neither knew that the proposed order committed him to paying all of the receiver’s fees and expenses, including attorney fees, nor did he authorize his attorney to agree to that term.
(2) Alternatively, DOL contends that Grayson’s attorney had apparent authority to bind Grayson to the disputed clause, since Grayson knew his attorney would be engaging in settlement negotiations. Apparent authority arises when a principal’s conduct causes a third party reasonably to believe that the principal has *787 conferred authority on the purported agent. Badger v. Paulson Inv. Co., 311 Or. 14, 803 P.2d 1178, 1183 (1991). DOL does not dispute the district court’s finding that Grayson did not communicate directly with it. Nor did Grayson engage in conduct which could reasonably have caused DOL to believe that the attorney was authorized to bind Grayson to the disputed clause. Here, unlike in Kaiser, the attorney did not participate in an ongoing course of negotiations, keeping Grayson apprised and making counteroffers on his behalf. Kaiser, 903 P.2d at 377-78. And Kaiser precludes the argument that Gray-son provided his attorney with apparent authority simply by authorizing his attorney to negotiate on Grayson’s behalf. Id. at 380 (“[T]he authority to negotiate with the opposing party does not by itself imply the authority to enter into a binding settlement.”). The district court therefore did not err in declining to find that Grayson’s attorney had either actual or apparent authority to bind Grayson to the disputed clause.
(3) DOL also argues that the district court should have held Grayson to have ratified the consent order by failing to object to its terms before DOL’s motion to dismiss Grayson’s bankruptcy petition. However, under Oregon law a principal’s ratification of a purported agent’s act can bind the principal only to the extent that the principal has knowledge of the act in question and fails to disavow it. Kneeland v. Shroyer, 214 Or. 67, 328 P.2d 753, 756 (1958); see also Michel v. ICN Pharms., Inc., 274 Or. 795, 549 P.2d 519, 525 n. 2 (1976). DOL points to no evidence in the record or findings of the district court supporting the inference that Grayson knew of the disputed clause before the DOL filed its motion to dismiss. Indeed, some facts, such as Grayson’s inability to pay receivership fees and costs at the time of the agreement or afterward, support the opposite inference. Absent such facts, Grayson cannot be held to have ratified his attorney’s act in agreeing to responsibility for receivership fees and costs. The district court’s failure expressly to address this theory in its opinion caused DOL no prejudice.
(4) Finally, DOL contends that Grayson should be bound to the disputed clause on the basis of equitable principles. We reject this contention. DOL first argues that Grayson is estopped from denying responsibility for the receivership fees, since he did not disavow the clause while DOL relied on his responsibility for these fees. But like ratification, application of estoppel requires that the party estopped know or have reason to know both of the state of affairs about which the party remains silent and of the other party’s reliance. Restatement (Second) of Agency § 8B cmt. c (1958). Here, as noted, there is no evidence that Grayson knew of the disputed clause. Moreover, the district court found that DOL was unreasonable in accepting the attorney’s signature without evidence of express authority for the disputed clause. Finally, DOL’s argument that the district court should have invalidated the entire consent order instead of striking the disputed clause fails in light of Oregon case law recognizing the remedy of reformation when a writing does not express the agreement between the parties. See, e.g., Gorzeman v. Thompson, 162 Or. App. 84, 986 P.2d 29, 33 (1999).
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-1.