**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 21 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re NAZIE AZAM,<br><br>          Debtor,<br><hr><br>NAZIE AZAM,<br><br>          Appellant,<br><br>  v.<br><br>U.S. BANK NATIONAL ASSOCIATION, as Trustee, Successor in Interest to Bank of America National Association as Successor by Merger to La Salle Bank NA as Trustee for Wamu Mortgage Pass Through Certificates 2006-AR Trust,<br><br>          Appellee. | No. 14-55523<br><br>D.C. No. 8:13-cv-01485-JLS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted March 10, 2016[]
Pasadena, California

Before: REINHARDT, MURGUIA, and OWENS, Circuit Judges.

Nazie Azam appeals from the district court's order affirming the decision of the bankruptcy court, which dismissed Azam's chapter 13 case. Independently reviewing the bankruptcy court's conclusions of law de novo and its factual findings for clear error, *Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219, 1222 (9th Cir. 1999), we affirm.[1]

**1.** Azam's filing of two interlocutory appeals of matters related to the automatic stay did not deprive the bankruptcy court of jurisdiction to dismiss her bankruptcy case. While the bankruptcy court "may not finally adjudicate substantial rights directly involved in the appeal," *Neary v. Padilla (In re Padilla)*, 222 F.3d 1184, 1190 (9th Cir. 2000) (citation omitted), "[t]he appeal of an order does not . . . deprive the trial court of jurisdiction over issues not raised in that order," *Wade v. State Bar of Ariz. (In re Wade)*, 115 B.R. 222, 230 (B.A.P. 9th Cir.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Azam's requests for judicial notice are granted "to the extent that it is compatible with Fed. R. Evid. 201 and does not require the acceptance of facts subject to reasonable dispute." *Associated Gen. Contractors of Am., San Diego Chapter, Inc. v. Cal. Dep't of Transp.*, 713 F.3d 1187, 1190 n.1 (9th Cir. 2013) (internal quotation marks and alteration omitted).

1990), *aff'd*, 948 F.2d 1122 (9th Cir. 1991). Azam did not seek to stay the proceedings pending the outcome of her appeals related to the bankruptcy stay, and the appeals did not preclude the bankruptcy court from dismissing Azam's bankruptcy case. *See Sherman v. SEC (In re Sherman)*, 491 F.3d 948, 967 (9th Cir. 2007) ("If a party wants to stay all of the proceedings in bankruptcy court while an appeal is pending, it must file a motion for a stay."); *Wade*, 115 B.R. at 230 (holding that a bankruptcy court retained jurisdiction to dismiss a debtor's counterclaims related to alleged violations of the automatic stay despite an appeal of matters related to the automatic stay).

**2.**     The bankruptcy court could dismiss Azam's bankruptcy case regardless of whether U.S. Bank had standing to request dismissal. *See de la Salle v. U.S. Bank, N.A. (In re de la Salle)*, 461 B.R. 593, 604 (B.A.P. 9th Cir. 2011) (noting that whether a creditor had standing was "irrelevant" to the bankruptcy court's ability to convert or dismiss a debtor's chapter 13 case). In any event, U.S. Bank did have standing. Under 11 U.S.C. § 1307(c), a "party in interest" may request dismissal for cause. But "a creditor does not need an allowed claim to be a party in interest for purposes of § 1307(c)." *de la Salle*, 461 B.R. at 604. Rather, any creditor with a right to payment has standing to request dismissal. *Id.* Here, U.S. Bank had a

3

right to payment under Azam's bankruptcy plan due to the unlawful detainer action and therefore had standing to request dismissal.

3.    U.S. Bank had filed an objection to Azam's proposed plan and a request for dismissal for bad faith before the hearing. Azam responded to this motion in writing. Azam also had ample opportunity to argue at the hearing why her case should not be dismissed. She was therefore given "a meaningful opportunity to be heard." *Rosson v. Fitzgerald (In re Rosson)*, 545 F.3d 764, 776 (9th Cir. 2008).

4.    The bankruptcy court made sufficient findings of fact to justify dismissal for bad faith. It was evident throughout the hearing that the bankruptcy court saw no legitimate purpose in Azam's chapter 13 petition. Rather, the bankruptcy court found that Azam's case was brought for the improper purpose of seeking a more favorable forum in which to litigate claims related to the foreclosure of her home and to buy more time. This finding was not clearly erroneous, and it amply supports dismissal for bad faith. *See Leavitt*, 171 F.3d at 1224 (noting that a debtor's unfair manipulation of the Bankruptcy Code, history of filings and dismissals, intent to defeat state court litigation through the bankruptcy filing, and egregious behavior are all factors supporting a finding of bad faith under the totality of the circumstances). Azam's present bankruptcy filing, her fourth, proposed to pay her creditors only half of what they were owed. Yet she was

4

statutorily ineligible for this sort of discharge because she had received a chapter 7 discharge three years before. *See* 11 U.S.C. § 1328(f). Thus her petition was clearly not brought in good faith.

5.      The district court judge was not required to recuse herself. Because Azam raises recusal for the first time on appeal, we review the issue for plain error. *United States v. Holland*, 519 F.3d 909, 911 (9th Cir. 2008). A judge must disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Azam fails to make an intelligible argument that "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Holland*, 519 F.3d at 913 (citation omitted).

**AFFIRMED.**