
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

In re:  CARL CLIFFORD SISON
TAKANO; LEILANI LEACH TAKANO,

_____

VANESSA L. WILLIAMS,

          Appellant,

v.

CARL CLIFFORD SISON TAKANO;
LEILANI LEACH TAKANO,

          Appellees.

No.    18-16162

D.C. No. 15-00108

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Guam
Frances Tydingco-Gatewood, District Judge, Presiding

Submitted June 10, 2019[**]
Honolulu, Hawaii

Before:  THOMAS, Chief Judge, and CALLAHAN and CHRISTEN, Circuit
Judges.

_____

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Creditor Vanessa Williams appeals the district court's denial of her motions in the bankruptcy proceedings of Carl and Leilani Takano. Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review a district court's denial of a motion to dismiss for cause under 11 U.S.C. § 707(a) for an abuse of discretion. *Sherman v. SEC* (*In re Sherman*), 491 F.3d 948, 969 (9th Cir. 2007). Decisions committed to the bankruptcy court's discretion, such as a decision on whether to convert a case from one Chapter to another, will be reversed only if "based on an erroneous conclusion of law or when the record contains no evidence on which [the bankruptcy court] rationally could have based that decision." *Benedor Corp. v. Conejo Enters., Inc.* (*In re Conejo Enters., Inc.*), 96 F.3d 346, 351 (9th Cir. 1996) (alteration in original) (quoting *Vanderpark Props., Inc. v. Buchbinder* (*In re Windmill Farms, Inc.*), 841 F.2d 1467, 1472 (9th Cir. 1988) (quotations omitted)).

I

The district court did not abuse its discretion in denying Williams's motion to dismiss for cause. Under 11 U.S.C. § 707(a), a court may dismiss a bankruptcy case for cause, including, but not limited to, unreasonable delay resulting in prejudice to the creditors. *Neary v. Padilla* (*In re Padilla*), 222 F.3d 1184, 1191

(9th Cir. 2000) (noting the list under § 707(a) is "illustrative and not exhaustive"). The district court found that Williams had not attempted to show prejudice and that the delay was partially self-created and thus not unreasonable. Further the court considered that any delay attributable to the Takanos did not have a substantial affect on the administration of the estate.

Contrary to Williams's assertion, the district court's focus on whether Williams had established prejudice was not erroneous. The district court was simply assessing whether Williams had established cause based on the enumerated circumstance found in § 707(a)(1): "unreasonable delay by the debtor that is prejudicial to creditors." Similarly, the district court did not preclude Williams's claim because she was not a trustee. After concluding that Williams had not established cause by demonstrating unreasonable delay prejudicial to creditors, the district court correctly noted that simply not being "timely" is not a ground for Williams to have the case dismissed because that motion may only be made by a trustee under § 707(a)(3). The court did not abuse its discretion in determining that Williams had failed to establish circumstances constituting cause to dismiss the case under § 707(a).

II

The district court did not abuse its discretion in denying Williams's motion to convert the case to a Chapter 11 case. Under 11 U.S.C. § 706(b), a court has broad discretion to convert to a Chapter 11 case based on what "will most inure to the benefit of all parties in interest." H.R. Rep. No. 95-595, at 380 (1977), *as reprinted in* 1978 U.S.C.C.A.N. 5963; S. Rep. No. 95-989, at 94 (1978), *as reprinted in* 1978 U.S.C.C.A.N. 5787. Although the district court did not explicitly address the Takanos' ability to pay, it weighed the interests of the parties and concluded that Williams had not provided any evidence tending to show that an involuntary conversion would benefit the parties. Neither had Williams identified how a conversion would benefit the Takanos. Finally, in addition to noting that an involuntary conversion could leave the Takanos "trapped in a chapter 11 proceeding they do not need, do not want, and cannot manage," the district court found that an involuntary conversion ran contrary to the Takanos' interest in a quick discharge of their debts and a fresh start. The district court did not abuse its discretion in denying Williams's motion for a conversion under § 706(b).

**AFFIRMED.**