39 F.3d 829
 32 Collier Bankr.Cas.2d 418, Bankr. L. Rep. P 76,172
In re Roger Eugene HUCKFELDT, Debtor.
Georgianne HUCKFELDT; L.K. Kluge; Dorothy Kluge, Creditors-Appellees,
v.
Roger Eugene HUCKFELDT, Debtor-Appellant.
 No. 93-4100.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 13, 1994.
Decided Oct. 28, 1994.
 
 Timothy J. Sear, Overland Park, KS, argued, for appellant.
 Jerry W. Venters, Jefferson City, MO, argued, for appellee.
 Before LOKEN, Circuit Judge, HENLEY, Senior Circuit Judge, and HANSEN, Circuit Judge.
 LOKEN, Circuit Judge.
 
 
 1
 Roger Huckfeldt appeals the district court[1] judgment affirming the bankruptcy court's[2] dismissal of his petition to liquidate under Chapter 7 of the Bankruptcy Code. The bankruptcy court dismissed the petition on the ground that it was filed in bad faith to frustrate a divorce decree, and the district court affirmed. Concluding that dismissal was warranted under 11 U.S.C. Sec. 707(a), we affirm.
 
 I.
 
 2
 During their twelve years of marriage, Roger and Georgianne Huckfeldt accumulated over $250,000 in debts while Huckfeldt completed college, medical school, and six years of a residency in surgery, and Georgianne completed college and law school. These debts include $166,000 in student loans to Huckfeldt and $47,000 jointly borrowed from Georgianne's parents. The Huckfeldts divorced on March 26, 1992. The divorce decree ordered Huckfeldt to pay his student loans, one-half of the debt to Georgianne's parents, and other enumerated debts totaling some $241,000. The decree ordered Huckfeldt to hold Georgianne harmless for these debts but otherwise denied Georgianne's request for maintenance.
 
 
 3
 On June 4, 1992, six months before Huckfeldt would complete his residency in surgery, he filed a voluntary Chapter 7 petition, listing assets of $1,250 and liabilities of $546,857. After filing the petition, Huckfeldt accepted a fellowship at Oregon Health Sciences University, a one or two year position paying $45,000 per year, substantially less than the income he could likely earn as a surgeon during the pendency of his Chapter 7 proceeding. Following Huckfeldt's petition, creditors of the debts assigned to him in the divorce decree began pursuing Georgianne for repayment. She filed for bankruptcy protection in March 1993.
 
 
 4
 In September 1992, Georgianne and her parents ("the Creditors") filed a motion to dismiss Huckfeldt's Chapter 7 petition on the ground that it was filed in bad faith. The Creditors alleged that Huckfeldt had threatened to file for bankruptcy during the divorce proceedings and had commenced this proceeding in defiance of the divorce decree for the purpose of shifting responsibility for assigned debts to Georgianne.[3] The Creditors further alleged that Huckfeldt "has deliberately taken steps to reduce his annual income" to avoid payment of his debts through a Chapter 7 liquidation. The Creditors argued that this bad faith warranted dismissal under sections 105, 109, 301, and 707 of the Bankruptcy Code.
 
 
 5
 After a hearing, the bankruptcy court granted the Creditors' motion to dismiss. After finding that Roger could be earning $110,000 to $120,000 per year, after all expenses except income tax, the court stated:
 
 
 6
 It is the purpose of the bankruptcy system to provide a fresh start for the honest but unfortunate debtor. It is not the purpose of the bankruptcy system to eliminate the obligations of a party who is capable of paying same. The Court believes debtor filed this bankruptcy petition in bad faith and with the deliberate intention of unloading debt, particularly that to his spouse, which he could shortly begin to repay. Further this Court believes it was the intent of the debtor to leave his ex-spouse with all the debts and obligations incurred over the twelve years and force her into a bankruptcy situation also....
 
 
 7
 Accordingly the Court concludes that this case was filed in bad faith and concludes that good faith is a requirement for the filing of a bankruptcy petition no matter what the chapter.
 
 
 8
 The district court affirmed, expressly holding that Sec. 707(a) of the Code authorizes dismissal for bad faith.
 
 
 9
 On appeal, Huckfeldt argues that the bankruptcy court committed an error of law in dismissing the Chapter 7 petition because (i) ability to repay debts is not grounds for dismissal under Sec. 707(a), and (ii) his petition could not be dismissed for "substantial abuse" of Chapter 7 under Sec. 707(b), which does focus on ability to pay. Because we uphold the dismissal under Sec. 707(a), we need not consider Huckfeldt's Sec. 707(b) contentions.
 
 II.
 
 10
 Section 707(a) provides that the bankruptcy court may dismiss a Chapter 7 proceeding
 
 
 11
 only after notice and a hearing and only for cause, including--
 
 
 12
 (1) unreasonable delay by the debtor that is prejudicial to creditors;
 
 
 13
 (2) nonpayment of any fees or charges required under chapter 123 of title 28; and
 
 
 14
 (3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521, but only on a motion by the United States trustee.
 
 
 15
 In authorizing dismissal "for cause," the statute does not define "cause," beyond setting forth three specific examples. Use of the introductory word "including" means that these three types of "cause" are nonexclusive. See 11 U.S.C. Sec. 102(3) (" 'includes' and 'including' are not limiting"); P.C. Pfeiffer Co. v. Ford, 444 U.S. 69, 77 n. 7, 100 S.Ct. 328, 334 n. 7, 62 L.Ed.2d 225 (1979) ("including" means the enumerated items are part of a larger group).
 
 
 16
 The legislative history to Sec. 707(a) is meager but does contain one comment that provides the core of Huckfeldt's Sec. 707(a) argument on appeal:
 
 
 17
 The section does not contemplate ... that the ability of the debtor to repay his debts in whole or in part constitutes adequate cause for dismissal. To permit dismissal on that ground would be to enact a non-uniform mandatory chapter 13, in lieu of the remedy of bankruptcy.
 
 
 18
 H.R.Rep. No. 95-595, 95th Cong., 1st Sess. (1977), reprinted in 2 Collier on Bankruptcy App. 2, at II-380; S.Rep. No. 95-989, 95th Cong., 2d Sess. (1978), reprinted in 3 Collier on Bankruptcy App. 3, at V-94, U.S.Code Cong. & Admin.News 1978, p. 5787. At the urging of consumer lenders, Congress later enacted Sec. 707(b), which permits the dismissal of a petition by a consumer debtor if the requested relief would be a "substantial abuse" of Chapter 7. Ability to pay is the primary inquiry under Sec. 707(b). See Fonder v. United States, 974 F.2d 996, 999 (8th Cir.1992); In re Walton, 866 F.2d 981, 982-84 (8th Cir.1989).
 
 
 19
 A. Although Huckfeldt's briefs carefully avoid the issue, the initial question is whether the district court erred in holding that bad faith may be "cause" for dismissal under Sec. 707(a). That is an open issue in this circuit, and few other circuits have considered it. The Sixth Circuit has expressly held that bad faith may be cause for dismissal under Sec. 707(a), but only in "egregious cases." See In re Zick, 931 F.2d 1124, 1127, 1129 (6th Cir.1991). The Fifth Circuit in considering whether there was cause to lift the automatic stay in bankruptcy stated:
 
 
 20
 Every bankruptcy statute since 1898 has incorporated literally, or by judicial interpretation, a standard of good faith for the commencement, prosecution, and confirmation of bankruptcy proceedings.
 
 
 21
 In re Little Creek Development Co., 779 F.2d 1068, 1071 (5th Cir.1986). See generally In re Victory Constr. Co., 9 B.R. 549, 551-60 (Bankr.C.D.Cal.1981) (reviewing the historical development of the bad faith doctrine in rehabilitation and reorganization proceedings), vacated as moot, 37 B.R. 222 (9th Cir. BAP 1984). But the Fourth Circuit in dictum has suggested that bad faith may only be considered under Sec. 707(b). See In re Green, 934 F.2d 568, 571 (4th Cir.1991).
 
 
 22
 In considering this issue, a number of bankruptcy courts have expressed concern that the open-ended use of bad faith to dismiss Chapter 7 cases is inappropriate. These courts suggest that a different standard of conduct should be applied to debtors willing to surrender all non-exempt assets in a Chapter 7 liquidation proceeding, than to those who seek to reorganize or extend their debts under Chapter 11 or Chapter 13. See In re Kragness, 63 B.R. 459, 465 (Bankr.D.Or.1986). They also fear that the bad faith inquiry will be "employed as a loose cannon which is to be pointed in the direction of a debtor whose values do not coincide precisely with those of the court." In re Latimer, 82 B.R. 354, 364 (Bankr.E.D.Pa.1988). These are legitimate concerns.
 
 
 23
 In In re Khan, 172 B.R. 613 (Bankr.D.Minn.1994), the court criticized cases such as In re Zick for adopting a bad faith exception to Chapter 7 relief without statutory authority, and for basing bad faith decisions under Sec. 707(a) on ability-to-pay factors that should be analyzed exclusively under Sec. 707(b). Id., 172 B.R. at 620-25. Acknowledging that courts do have inherent power to sanction the bad faith litigant, see Chambers v. NASCO, Inc., 501 U.S. 32, 43-46, 111 S.Ct. 2123, 2132-33, 115 L.Ed.2d 27 (1991), the court in Khan urged that bad faith under Sec. 707(a) be limited to extreme misconduct falling outside the purview of more specific Code provisions, such as using bankruptcy as a "scorched earth" tactic against a diligent creditor, or using bankruptcy as a refuge from another court's jurisdiction. Khan, 172 B.R. at 624-26.[4]
 
 
 24
 We agree with the narrow, cautious approach to bad faith adopted in Khan. Congress has defined the ultimate issue in Sec. 707(a) cases as whether the Chapter 7 petition should be dismissed "for cause." As this case illustrates, some conduct constituting cause to dismiss a Chapter 7 petition may readily be characterized as bad faith. But framing the issue in terms of bad faith may tend to misdirect the inquiry away from the fundamental principles and purposes of Chapter 7. Thus, we think the Sec. 707(a) analysis is better conducted under the statutory standard, "for cause." If the bankruptcy court elects instead to act under the inherent judicial power to punish a bad faith litigant, that action should not be taken under Sec. 707(a).
 
 
 25
 B. Based upon the legislative history of Sec. 707(a), Huckfeldt argues that the bankruptcy court erred in dismissing his petition based upon his ability to pay. This contention proceeds on a faulty premise. The bankruptcy court expressly stated that it was dismissing because the petition was filed in bad faith, not because Huckfeldt is able to pay some or all of his debts. The court found that Huckfeldt filed the petition for the purpose of frustrating the divorce court decree and forcing his ex-wife into bankruptcy, at a time when his financial prospects made him anything but an "honest but unfortunate debtor" needing Chapter 7 relief.[5] Chief Judge Koger expressly held in a prior case that ability to pay is not cause for dismissal under Sec. 707(a). See In re Goulding, 79 B.R. 874, 876 (Bankr.W.D.Mo.1987). We will not assume that he ruled to the contrary here.
 
 
 26
 C. Huckfeldt filed a Chapter 7 petition to frustrate the divorce court decree and to push his ex-wife into bankruptcy. He then manipulated his immediate earnings to ensure that the Chapter 7 proceeding would achieve these non-economic motives. That conduct meets the narrow standard urged by Khan. Indeed, such conduct has long been considered unworthy of bankruptcy protection:
 
 
 27
 [T]he petition in this case was not filed for the purpose of a just liquidation by composition with creditors but to defeat the wife from a right of possession in and to the real estate which was to be awarded to her under the divorce proceedings. This violates the purpose and intent of the statute ... and, as said by the Supreme Court of the United States, under that situation, the proceedings will be halted at the outset.
 
 
 28
 In re Brown, 21 F.Supp. 935, 939 (S.D.Iowa 1938). Huckfeldt is not an "honest but unfortunate debtor" entitled to the equitable relief of a Chapter 7 liquidation. His petition was properly dismissed for cause.
 
 
 29
 The judgment of the district court is affirmed.
 
 
 
 [1]
 The HONORABLE JOSEPH E. STEVENS, JR., Chief Judge of the United States District Court for the Western District of Missouri
 
 
 [2]
 The HONORABLE FRANK W. KOGER, Chief Judge of the United States Bankruptcy Court for the Western District of Missouri
 
 
 [3]
 Absent "undue hardship," which Huckfeldt has not alleged, his student loans are nondischargeable. See 11 U.S.C. Sec. 523(a)(8). Thus, this case primarily concerns whether he can avoid the joint debts that the divorce court ordered him to pay
 
 
 [4]
 The court's approach in Khan is consistent with that urged in 4 Collier on Bankruptcy p 707.03, at 707--10-11 (15th Ed.1992):
 Bad faith may be found when the debtor has a frivolous, noneconomic motive for filing a bankruptcy petition, when there is a sinister or unworthy purpose, or when there is an abuse of the judicial process. That the debtor is merely taking advantage of its legal rights is not, by itself, sufficient to support a finding of bad faith.
 
 
 [5]
 The phrase is from Grogan v. Garner, 498 U.S. 279, 287, 111 S.Ct. 654, 659, 112 L.Ed.2d 755 (1991), quoting Local Loan Co. v. Hunt, 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934). It is relevant in exercising the equitable powers of a bankruptcy court