**In re David D. QUIMBY, Debtor.**

**Ronald E. Kranig, d/b/a Asset Recovery Systems, Plaintiff,**

v.

**David D. Quimby, Defendant.**

**Bankruptcy No. 04 B 10026.**
**Adversary No. 04 A 3105.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Sept. 2, 2004.

Ronald E. Kranig, Park City, IL, pro se.

David P. Leibowitz, Laura Barrientos–DuVall, Leibowitz Law Center, Waukegan, IL, Attorney for Debtor David D. Quimby.

### MEMORANDUM OPINION AND ORDER

A. BENJAMIN GOLDGAR, Bankruptcy Judge.

Plaintiff Ronald Kranig filed a *pro se* adversary complaint in this chapter 7 bankruptcy against debtor David Quimby, making a disorganized series of allegations about Quimby's several bankruptcies (including this one) and then asking, among other things, for the case either to be dismissed or converted to chapter 13. Calling Kranig a creditor who has "been pursuing him relentlessly for years," Quimby moves to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. For the reasons that follow, the motion is granted in part and denied in part.

### 1. Facts

Kranig (doing business as something called "Asset Recovery Systems," apparently not a corporation) holds a $106,481 judgment against Quimby, a judgment Kranig received by assignment. Dissected, Kranig's complaint against Quimby contains two sets of allegations.

The first set concerns Quimby's history of filing bankruptcy. Kranig alleges that Quimby has filed two other bankruptcy cases, one in 1997 under chapter 7 in which a discharge was entered, and a second under chapter 13 that was dismissed in March 2004. (Compl. ¶ 2). During the chapter 13 case, Kranig asserts, the debtor sold certain property, acquired other property, and was divorced under a decree that gave his wife rights to still other property. (*Id.* at ¶ 4, 5, 7). Kranig complains that Quimby filed this chapter 7 case right after the dismissal of the chapter 13 case, and that the current case is a "substantial abuse" of chapter 7. (*Id.* at 13–15, 18).[1]

The second set of allegations concerns Quimby's statements under oath in the

---

1. The complaint contains two paragraphs numbered "13." Both concern Quimby's bankruptcy history.

current bankruptcy case. Although the allegations are not crystal clear, Kranig appears to assert that Quimby's schedules and statement of financial affairs (1) fail to list certain property, (2) misrepresent the value of his 1999 Chevrolet Blazer, (3) fail to disclose the settlement of a lawsuit, (4) falsely state that no spouse lived with him in the six years before the case, and (5) misrepresent the expenses he pays for his ex-wife. (*Id.* at 6–8, 12, 16). Kranig adds that at the meeting of creditors on May 13, 2004, Quimby (1) contradicted statements he made in his divorce case by stating that he had always resided and continued to reside with his ex-wife, and (2) falsely stated that he could not leave the marital residence because of his ex-wife's mental condition when in fact she was gainfully employed. (*Id.* at 10, 19).

As relief, Kranig asks that the court dismiss the case, find that Quimby "has not been truthful about his income, assets and expenses," and either bar Quimby from filing another bankruptcy case for 180 days or require that he convert the case to one under chapter 13.

Quimby moves the court to dismiss Kranig's complaint under Rule 12(b)(6) (made applicable by Bankruptcy Rule 7012). Construing the complaint as either a motion to dismiss the bankruptcy under 11 U.S.C. § 707(b) or else a complaint to bar discharge under 11 U.S.C. § 727, Quimby argues that Kranig is legally not entitled to most of the relief he requests and that the complaint sets forth no basis for relief under section 727. When the motion was presented, counsel for Quimby also suggested that if the complaint was meant as one under section 727, it was too late.

## 2. Discussion

Quimby is right that Kranig is not entitled to most of the relief he seeks. To the extent the complaint seeks dismissal of the bankruptcy and related relief, the motion to dismiss will be granted. On the other hand, Quimby is wrong that the complaint states no claim under section 727. It does. To that extent, the motion will be denied.

■ Kranig is not entitled, first of all, to force Quimby to convert his case to a case under chapter 13. Section 706(a) of the Bankruptcy Code permits "the debtor," not a creditor (or anyone else), to convert a case under chapter 7 to a case under chapter 13. 11 U.S.C. § 706(a). As if that section were not clear enough, section 706(c) reinforces section 706(a), declaring that the court "may not convert a case under this chapter to a case under chapter 12 or 13 of this title *unless the debtor requests such conversion.*" 11 U.S.C. § 706(c) (emphasis added); *see In re Sensibaugh,* 9 B.R. 45, 46 (Bankr.E.D.Va. 1981). The court accordingly cannot convert Quimby's bankruptcy case from chapter 7 to chapter 13 at Kranig's request, regardless of the reasons.

■ The court also cannot dismiss Quimby's chapter 7 case for "substantial abuse." Section 707(b) of the Code states that the court can dismiss "as a substantial abuse of the provisions of this chapter" the case of an individual whose debts are primarily consumer debts. But that section adds that the dismissal can come only at the request of the United States trustee or on the court's own motion, "not at the request or suggestion of any party in interest." 11 U.S.C. § 707(b). "Under this language, if a party in interest does raise the substantial abuse issue the court may not hear it." 6 A. Resnick & H. Sommer, *Collier on Bankruptcy* ¶ 707.04[1][a] at 707–17 (15th ed. rev.2004). Kranig has no standing to ask for dismissal under section 707(b).

■ In short, Kranig's allegations of Quimby's abusive bankruptcy history are

irrelevant, and his requests for dismissal of Quimby's current bankruptcy case are improper. To the extent the complaint asserts some kind of claim that the current chapter 7 case is abusive, that claim is dismissed.[2]

▮▮▮ Kranig's allegations that Quimby made false statements in his petition and at the creditor's meeting are another matter. Section 727(a)(4)(A) provides that a debtor will be discharged unless "the debtor knowingly and fraudulently, in or in connection with the case ... made a false oath or account." 11 U.S.C. § 727(a)(4)(A). The section's purpose is "to ensure that the debtor provides dependable information to those who are interested in the administration of the bankruptcy estate." *Clean Cut Tree Serv., Inc. v. Costello (In re Costello)*, 299 B.R. 882, 899 (Bankr.N.D.Ill.2003). Under section 727(a)(4)(A), a debtor will be denied a discharge if he made a fraudulent statement in his petition, *id.*, or at his creditors meeting, *Neugebauer v. Senese (In re Senese)*, 245 B.R. 565, 574 (Bankr.N.D.Ill.2000).

Kranig's complaint states a claim under section 727(a)(4)(A). Kranig alleges that Quimby made multiple false statements in his petition on a variety of subjects.

Kranig also alleges that Quimby made false statements at his creditors meeting. As relief, Kranig asks for a finding that Quimby made false statements "about his income, assets and expenses." The debtor's statements in his petition and at the meeting of creditors are made under penalty of perjury. Kranig's complaint contains enough to state a claim under section 727(a)(4)(A) that Quimby's discharge should be denied on the basis of a "false oath."

When the motion was presented, Quimby's counsel argued that the complaint failed to "allege the elements" of a section 727(a)(4)(A) claim. The argument reflects a common misunderstanding of notice pleading under Rule 8 of the Federal Rules of Civil Procedure (made applicable, with a slight variation not relevant here, by Bankruptcy Rule 7008). Although section 727(a)(4)(A) certainly has particular elements that must be proved at trial, Kranig has no obligation to allege these "elements" in his complaint, risking dismissal if he happens to miss one.

▮▮▮ Notice pleading does away with the need to plead specific facts to state specific legal theories. *Bartholet v. Reishauer*

---

**2.** Procedurally at least, Kranig could request dismissal of the case under section 707(a), 11 U.S.C. § 707(a); *see Novak v. Wagnitz (In re Wagnitz)*, 2004 WL 626821, at *3 (N.D.Ill. March 29, 2004) (noting that "any interested party may move for dismissal under § 707(a)" except where section 521(1) is involved), though the vehicle for such a request would be a motion rather than an adversary complaint, *see* Fed. R. Bankr.P. 7001. But Kranig's allegations, even construed as allegations of bad faith, do not amount to "cause" for dismissal under section 707(a). Although courts differ on the question, the better view is that bad faith is not "cause" under that section when another, more specific section of the Code addresses the matter claimed to be bad faith. *See, e.g., Neary v. Padilla (In re Padilla)*, 222 F.3d 1184, 1191–93 (9th Cir.

2000); *Huckfeldt v. Huckfeldt (In re Huckfeldt)*, 39 F.3d 829, 832 (8th Cir.1994); *but see, e.g., Tamecki v. Frank (In re Tamecki)*, 229 F.3d 205, 208 (3rd Cir.2000). Courts holding this view reason persuasively that section 707(a) is aimed at "technical and procedural violations of the Bankruptcy Code," and that implying a "bad faith" ground for dismissal would render superfluous other Code provisions—sections 523, 727 and 707(b)—directly addressing the misconduct of debtors. *See Padilla*, 222 F.3d at 1192–93 (internal quotation omitted). Here, Kranig has alleged that this bankruptcy is a "substantial abuse" of chapter 7. "Substantial abuse" is the specific subject of section 707(b) and so is not a ground Kranig could raise for dismissal under section 707(a).

*A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir.1992). In federal courts, the rules "do not require plaintiffs to plead either facts or law." *Johnson v. Wattenbarger*, 361 F.3d 991, 994 (7th Cir.2004); *see also McCormick v. City of Chicago*, 230 F.3d 319, 323–24 (7th Cir.2000); *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir.2002) (declaring that a complaint "cannot be dismissed on the ground that it is conclusory or fails to allege facts").

■■■ The omission of particular "elements" of a claim, then, does not doom a complaint. *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir.2002) (noting that "there is no requirement in federal suits of pleading ... the elements of a claim"). "A complaint need only state the nature of the claim; details can wait for later stages." *Alliant Energy Corp. v. Bie*, 277 F.3d 916, 919 (7th Cir.2002). The question on a motion to dismiss is not whether the complaint alleges the right facts or the right law, but whether the complaint gives the defendant notice of the nature of the claim. *Thompson v. Illinois Dep't of Prof. Reg.*, 300 F.3d 750, 753 (7th Cir.2002); *McCormick*, 230 F.3d at 323–24 (stating that plaintiff need only plead enough "to allow the court and the defendant to understand the gravamen of the plaintiff's complaint") (internal quotation omitted).

Quimby is correct that Kranig's complaint does not allege "the elements" of a section 727(a)(4)(A) claim. It does not, for example, allege the requisite mental state—that Quimby knew the statements were false and made them with an intent to deceive. *See Senese*, 245 B.R. at 575. Nor does the complaint specifically request the denial of Quimby's discharge. But the complaint unquestionably notifies Quimby of the nature of the claim: that Kranig believes Quimby made a "false oath" in connection with the case, the consequence of which (if proved) would be a denial of Quimby's discharge under section 727(a)(4)(A). No more is required.[3]

■■■ When Quimby's motion was presented, counsel also asserted that if Kranig's complaint was brought under section 727, it was "late." Although the motion itself does not mention lateness as a ground for dismissal, it should preclude further discussion of this point to note now that the complaint was not late. Bankruptcy Rule 4004(a) provides that a complaint objecting to discharge under section 727(a) "shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Fed. R. Bankr.P. 4004(a). The court's docket discloses that the first date set for the meeting of Quimby's creditors was May 13, 2004. Therefore, under Rule 4004(a) a complaint under section 727(a) had to be filed no later than July 12, 2004, 60 days later. Kranig filed his complaint on July 12, 2004, the 60th day. The complaint was timely filed.

Kranig's complaint states a claim under section 727(a)(4)(A) of the Bankruptcy Code, and the complaint was timely filed. To that extent, the complaint will not be dismissed, and the motion to dismiss is denied.

### 3. Conclusion

For these reasons, the motion of debtor David E. Quimby to dismiss is granted in part. All claims in the complaint of Ronald E. Kranig alleging that the bankruptcy

---

**3.** In his motion, Quimby raises new facts apparently meant to explain away Kranig's allegations. These facts are irrelevant at this stage of the case. On a motion to dismiss under Rule 12(b)(6), the court considers only the content of the complaint, *Rosenblum v. Travelbyus.com, Ltd.*, 299 F.3d 657, 661 (7th Cir.2002), not unsupported factual allegations from the defendant purporting to contradict the complaint.

filing was a substantial abuse of chapter 7 and seeking either dismissal or conversion of the case are dismissed. The court construes the remainder of the complaint as a claim under 11 U.S.C. § 727(a)(4)(A), and as to that claim the motion to dismiss is denied.