**In re Paul W. O'BRIEN, Debtor.**

No. 05–21316.

United States Bankruptcy Court,
W.D. New York.

Aug. 15, 2005.

C. Bruce Lawrence, Devin L. Palmer, Boylan, Brown, Cide, Vigdor & Wilson, LLP, Rochester, NY, for Debtor.

Kathleen Schmitt, Office of U.S. Trustee, Rochester, NY, Assistant U.S. Trustee.

Richard P. Vullo, Rochester, NY, trustee.

## DECISION & ORDER

JOHN C. NINFO, II, Chief Judge.

### BACKGROUND

On March 24, 2005, Paul W. O'Brien (the "Debtor") filed a petition initiating a Chapter 7 case. On the Schedules and Statements required to be filed by Section 521 and Rule 1007, the Debtor indicated that: (1) he was the joint owner of a residence (the "Canandaigua Residence"), located at 3505 Lakeview Lane, Canandaigua, New York, which had a current market value of $548,000.00 and was subject to first and second mortgages in favor of Charter One Bank that had total balances due of $470,888.06, even though he also indicated that on or about May 20, 2003, he had transferred his interest in the Canandaigua Residence to his spouse, Diane O'Brien;

(2) his only unsecured non-priority indebtedness was the unliquidated, disputed claim of Colonial Surety Company ("Colonial"), which he estimated at $500,000.00, that resulted from his guaranty of payment bonds issued by Colonial on behalf of Genesee Valley Nurseries, Inc. ("Genesee Valley"); (3) on March 15, 2005, Colonial obtained a partial judgment against him and others in the Supreme Court, Allegany County (the "State Court"), in the amount of $276,076.00 (the "Colonial Judgment"); (4) he had interests in closely held corporations, partnerships and other business entities that were "not easily liquidated" but which he valued at $316,250.00; (5) he had a gross monthly income of $15,393.33, which included $10,833.33 for services as an investment banker with Capital Formation Group of Rochester, $2,060.00 from a USMC pension and $2,500.00 as a management fee from Delta Point Capital Management, LLC ("Delta"), one of the business entities he had an ownership interest in; (6) Diane O'Brien, a registered nurse, had gross monthly income of $5,392.00; and (7) the O'Brien's had current monthly household expenses of $11,901.00, which included $2,273.00 per month in payments for the support of a dependent not living with them and $1,000.00 per month in food expenses.

A March 24, 2005 Notice for a Meeting of Creditors set July 5, 2005 (the "Discharge Date") as the last day to file complaints objecting to the discharge of any of the Debtor's debts or to deny his discharge, and also for the Court or the United States Trustee to file a motion to dismiss for substantial abuse under Section 707(b).

On April 29, 2005, Colonial filed a Motion to Dismiss (the "Colonial Motion to Dismiss") the Debtor's Chapter 7 case as a Substantial Abuse of the Bankruptcy Process Pursuant to Section 707(a).[1] The Co-

---

1. Section 707(a) provides that:

(a) The court may dismiss a case under this chapter only after notice and a hearing

lonial Motion to Dismiss asserted that: (1) based upon all of the facts and circumstances presented, the Debtor's case should be dismissed as a substantial abuse and/or a bad faith filing; (2) the Debtor had executed a General Indemnity Agreement in consideration for Colonial's issuance of bonds on behalf of Genesee Valley; (3) less than one week after the Colonial Judgment was entered and recorded the Debtor filed his Chapter 7 case listing Colonial as his only general unsecured creditor; (4) Diane O'Brien filed a Chapter 7 case on March 28, 2001, after Genesee Valley, the business she co-owned with the O'Brien's daughter, failed; (5) after Colonial commenced an action against the Debtor and others in the State Court, and after Diane O'Brien had received her bankruptcy discharge, the Debtor transferred his interest in the Canandaigua Residence to her for no consideration; (6) the Debtor's household expenses, including $1,000.00 per month for food for two adults, $200.00 per month for telephone, $2,272.00 per month for the support of a dependent and other unreasonable and unnecessary expenses, demonstrate that the Debtor did not make any adjustment in his lifestyle in an effort to pay the Colonial Judgment; (7) on the facts and circumstances presented, it would be unfair for the Debtor to be able to use Chapter 7 in order to discharge the amounts due Colonial; (8) the Sixth Circuit Court of Appeals in *In re Zick*, 931 F.2d 1124 (6th Cir.1991) (*"Zick"*) and other Circuit, District and Bankruptcy Courts, including a number of Bankruptcy Courts within the Second Circuit, such as *In re Blumenberg*, 263 B.R.

704 (Bankr.E.D.N.Y.2001) (*"Blumenberg"*) and *In re Griffieth*, 209 B.R. 823 (Bankr. N.D.N.Y.1996) (*"Griffieth"*), have determined that the Debtor's lack of good faith when filing a Chapter 7 case can constitute cause for dismissal under Section 707(a); and (9) the Court should employ a totality of circumstances analysis in determining whether the Debtor's filing was a bad faith filing; and (10) the Debtor was not the honest but unfortunate debtor that Chapter 7 bankruptcy was meant for.

On May 17, 2005, prior to the June 1, 2005 return date of the Motion to Dismiss, Colonial filed a Motion for an Order Directing the Debtor to appear for a Rule 2004 exam (the "Rule 2004 Motion"), which the Court made returnable on May 23, 2005. The Rule 2004 Motion alleged that: (1) Colonial was understandably not given an opportunity at the Debtor's May 3, 2005 Meeting of Creditors to fully inquire into the Debtor's financial affairs; (2) Colonial sought information and documentation with respect to seventeen discreet areas of investigation, including: (a) a review of the corporate financial statements for the business entities that the Debtor scheduled an ownership interest in; (b) information related to the sale of the Debtor's business; (c) information regarding the Debtor's 2004 tax refund which was applied to his 2005 tax liabilities; (d) information regarding the Debtor's payment of the living expenses of his mother-in-law; and (e) a review of any financial statements delivered to M & T Bank within the three years prior to the Debtor's petition; and (3) Colonial required this information about

and only for cause, including—

(1) unreasonable delay by the debtor that is prejudicial to creditors;

(2) nonpayment of any fees or charges required under chapter 123 of title 28; and

(3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521, but only on a motion by the United States trustee.

11 U.S.C. § 707 (2005).

the Debtor's financial affairs before the June 1, 2005 return date of its Motion to Dismiss so that, to the extent that the information and evidence developed in connection with these areas of inquiry supported Colonial's allegation that under a totality of circumstances analysis the Debtor's Chapter 7 filing was in bad faith, it could present that information and evidence to the Court.

On May 20, 2005, the Debtor interposed opposition to the Rule 2004 Motion and the Colonial Motion to Dismiss, which asserted that: (1) the Colonial Motion to Dismiss, which asserted a substantial abuse, was not appropriate because any liability of the Debtor to Colonial was not a consumer debt; (2) the Colonial Motion to Dismiss was brought in bad faith and intended to coerce the Court or the United States Trustee to bring a Section 707(b) substantial abuse motion to dismiss; (3) the Debtor had in all respects cooperated with his Chapter 7 trustee and filed Chapter 7 in order to seek the assistance of the Bankruptcy System in arranging for an orderly liquidation of his non-exempt assets in order to pay his obligation to Colonial to the extent that funds were available from that orderly liquidation; (4) a creditor, such as Colonial, cannot bring a Section 707(b) substantial abuse motion to dismiss, which is reserved only for the Court and the United States Trustee, so that all of the allegations of substantial abuse included in the Colonial Motion to Dismiss were inappropriate; (5) several Circuit Courts, including the Eighth Circuit Court of Appeals in its decision in *Huckfeldt v. Huckfeldt* (*In re Huckfeldt*, 39 F.3d 829 (8th Cir.1994)) ("*Huckfeldt*"), District and Bankruptcy Courts, had determined that the lack of good faith or the existence of bad faith in filing a Chapter 7 petition is not cause for dismissal under Section 707(a); (6) even if the Court were to find that a bad faith filing constitutes cause for dismissal under Section 707(a), Colonial

has failed to set forth sufficient facts and circumstances to demonstrate that there had been the kind of clearly egregious conduct by the Debtor that constituted bad faith as found by decisions such as *Zick*; (7) numerous courts have also found that a debtor's ability to pay is not a factor that should be considered in connection with a motion to dismiss for a bad faith filing pursuant to Section 707(a), *See In re Keobapha*, 279 B.R. 49 (Bankr. D.Conn.2002) ("*Keobapha*"); (8) Colonial should not be allowed to conduct a "fishing expedition" of the Debtor's confidential financial information that was unrelated to any legitimate purpose in his bankruptcy case or to the Chapter 7 Trustee's administration of his estate; and (9) with respect to sixteen of the seventeen areas of inquiry in the Rule 2004 Motion, the Debtor specifically asserted, as to each area of inquiry, that various items were protected, ambiguous, not relevant and/or excessive, but he also indicated that certain requested items would be voluntarily produced.

At the May 23, 2005 return date of the Rule 2004 Motion, the Court: (1) directed counsel for Colonial to respond to the Debtor's specific objections and for the Debtor to turn over any items that he had no objection to producing; and (2) continued the hearing on the Rule 2004 Motion to the June 1, 2005 return date of the Motion to Dismiss.

In its Response to the Debtor's Opposition to the Colonial Motion to Dismiss, Colonial: (1) denied that the Motion was intended as a Section 707(b) substantial abuse motion to dismiss; (2) once again urged the Court to adopt a totality of the circumstances analysis in order to determine if the Debtor's filing was a bad faith filing that would constitute cause for dismissal under Section 707(a), as the Bankruptcy Court had done in *Griffieth*; and (3) set forth twelve separate allegations in

support of its assertion that the Debtor's Chapter 7 filing was a bad faith filing, including "the general unfairness of the debtor's use of Chapter 7 under the facts of this case, where the sole debt is a business debt and the circumstances clearly indicate he is not an honest but unfortunate debtor who has fallen on hard times, as contemplated by the Bankruptcy Code."

On May 26, 2005, the Debtor filed an Affidavit in further opposition to the Colonial Motion to Dismiss, which asserted that: (1) he had filed a Chapter 7 bankruptcy petition based upon the recommendation of his attorney after the anticipated legal fees to defend the action commenced by Colonial were beyond his ability to pay; (2) he could not file a Chapter 13 case because the amounts owed to Colonial exceeded the debt limits provided for by Section 109(e); (3) a Chapter 11 case was not feasible because, since he was current on all of his other obligations and Colonial was his only creditor, a Chapter 11 plan could not be confirmed without Colonial's consent, and Colonial had always been unwilling to work out a reasonable payment program that would allow him to reimburse Colonial for the legitimate bond claims brought against it in connection with the business failure of Genesee Valley; and (4) in filing a Chapter 7 case, he anticipated that there would be a substantial distribution to Colonial from the liquidation of his non-exempt assets.

In a May 31, 2005 letter submission, the attorneys for the Debtor asserted that the analysis and decision of the Bankruptcy Court in *In re Pedigo,* 296 B.R. 485 (Bankr.S.D.Ind.2003), best supported the Debtor's position that: (1) there is no good faith filing requirement in Chapter 7; (2) a bad faith filing is not cause for dismissal under Section 707(a); and (3) dismissal for substantial abuse is available only in the case of a debtor whose debts are primarily consumer debts, and then only on the motion of the Court or the United States Trustee under Section 707(b).

At the June 1, 2005 return date of the Colonial Motion to Dismiss and the Rule 2004 Motion: (1) the United States Trustee indicated that: (a) she was reviewing the facts and circumstances of the Debtor's case in order to determine whether she would file a Section 707(b) substantial abuse motion, which would assert that the Debtor's obligations to Colonial were not business debts, but were consumer debts incurred for personal and family purposes, since the Debtor had no ownership interest in or profit potential in connection with Genesee Valley, and he was not even an officer, director or employee; and (b) requested that she be permitted to file a Memorandum of Law on the issues of: (i) what constituted cause under Section 707(a); and (ii) whether if the Court determined that a bad faith filing was cause for dismissal under Section 707(a), a debtor's ability to pay was a factor that the Court could consider in determining whether there was a bad faith filing; and (2) the Court indicated that it would initially make a determination as to whether: (a) a bad faith filing was cause for dismissal under Section 707(a), and, if so, whether a debtor's ability to pay was a factor to be considered in determining whether there was a bad faith filing; and (b) then, depending upon these determinations, the Rule 2004 Motion would either become moot or would be decided by the Court.

On June 15, 2005, the United States Trustee filed a brief which: (1) after citing relevant case law including *Zick, Blumenberg* and *Griffieth,* asserted that the Court should find that a bad faith filing is sufficient cause to dismiss a case under Section 707(a); and (2) after citing relevant case law, including *Zick* and *Griffieth,* asserted that the Court could consider a debtor's ability to pay, his family's income, ex-

penses and lifestyle, and his decision to seek a discharge rather than alter his lifestyle in order to repay a debt, when determining, under a totality of circumstances analysis, whether there has been a bad faith filing that constitutes cause for dismissal under Section 707(a).

In a Supplemental Memorandum filed by Colonial on June 27, 2005, it once again asserted that a bad faith filing could be considered cause to dismiss a Chapter 7 bankruptcy case under Section 707(a) and that the Debtor's ability to pay should be considered as a factor in making a totality of the circumstances analysis. In a Sur–Reply filed on June 30, 2005, Colonial indicated that it believed that there were sufficient facts and circumstances presented in its pleadings in support of its Motions to Dismiss and for a Rule 2004 Exam for the Court to determine, without the need for further discovery by Colonial, that the Debtor's Chapter 7 case was filed in bad faith and should be dismissed for cause under Section 707(a).

A Supplemental Pleading filed on behalf of the Debtor on June 27, 2005 asserted that: (1) the Court could not dismiss a Chapter 7 case filed by a debtor whose debts were not primarily consumer debts because of a substantial abuse; and (2) the Circuit Courts that had decided the issue were evenly split as to whether a bad faith filing was cause to dismiss a Chapter 7 case under Section 707(a).

The United States Trustee did not file a Section 707(b) substantial abuse motion to dismiss by the July 5, 2005 Discharge Date, and, even though the Court believes that there are arguments to be made on both sides of the issue as to whether the Debtor's obligations to Colonial are a consumer debt, because of the active involvement of the United States Trustee and the continuing assertions by Colonial that the Colonial obligations were a "business debt," the Court elected not to bring its own Section 707(b) motion.

On August 2, 2005, the United States Trustee filed a Motion to Dismiss the Debtor's Chapter 7 Case for cause under Section 707(a) (the "United States Trustee Motion to Dismiss").

## DISCUSSION

### I. Cause under Section 707(a)

■ Acknowledging that: (1) the Federal Courts disagree on whether a bad faith filing is cause for dismissal under Section 707(a); (2) there are many well-reasoned decisions on both sides of the issue; and (3) many of the Bankruptcy Judges who have decided the issue differently than in this Decision & Order are not only colleagues that I respect, but also friends, I find that a bad faith filing is cause to dismiss a Chapter 7 case under Section 707(a). *See Zick, Blumenberg, Griffieth,* the cases cited in those decisions, and the many other cases that have made this same determination.

■ Notwithstanding that some courts and commentators disagree, I believe that: (1) Bankruptcy Courts are courts of equity; (2) bankruptcy is a privilege, not a right; (3) Chapter 7 is for the honest but unfortunate debtor who is seeking a fresh start, not a head start; and (4) it is inconceivable that when Congress enacted Section 707(a), it did not intend for the Bankruptcy Courts to have the discretion, in appropriate circumstances where there has clearly been a bad faith filing, to find that there was cause to dismiss the case. There are and will be debtors whose pre-petition and/or post-petition conduct is such that it is appropriate that their cases be dismissed without the need for the Court and the Bankruptcy System to be required to expend the time and resources necessary to conduct, hear or determine:

(a) Section 523 and Section 727 causes of action; (b) objections to exemptions; (c) avoidance of transfer causes of action; or (d) any number of other actions, proceedings and hearings in order to administer and bring to conclusion the case of such a bad faith filer.

## II. *Factors to be Considered when Determining Whether a Filing is in Bad Faith For Purposes of Section 707(a)*

 All of the following fourteen factors, set forth in *Keobapha*, will be considered by this Court when applying a totality of the circumstances analysis under Section 707(a), as well as any and all other factors which may bear on whether a debtor's filing was in bad faith or good faith:

1. The debtor reduces creditors to a single creditor in the months prior to the filing of the petition;

2. The debtor failed to make lifestyle adjustments or continued living an expansive or lavish lifestyle;

3. Debtor filed the case in response to a Judgment pending litigation...;

4. The debtor made no efforts to repay his debts;

5. The unfairness of the use of Chapter 7;

6. The debtor has sufficient resources to pay his debts;

7. The debtor is paying debts to insiders;

8. The schedules inflate expenses to disguise financial well-being;

9. The debtor transferred assets;

10. The debtor's overly utilizing the protections of the Code to the unconscionable detriment of creditors;

11. The debtor employed a deliberate and persistent plan of evading a single major creditor;

12. The debtor failed to make candid and full disclosure;

13. The debts are modest in relation to assets and income; and

14. There are multiple bankruptcies or other procedural "gymnastics."

*Keobapha* at 52, *citing In re Spagnolia*, 199 B.R. 362, 365 (Bankr.W.D.Ky.1995).

It should be noted that these factors include a debtor's ability to pay, but only as a factor, not as the sole basis to find that there has been a bad faith filing.

## III. *Pretrial Conference*

The Court will conduct a pretrial conference on September 21, 2005 at 8:45 a.m. in connection with the pending Colonial and United States Trustee Motions to Dismiss and the Rule 2004 Motion, at which time the Court will: (1) issue a discovery order to the extent that any of the parties believe that further discovery is required; (2) address any other procedural or substantive matters the parties may raise; (3) address a global settlement; and (4) if required, schedule an evidentiary hearing date for the Colonial and United States Trustee Motions to Dismiss.

**IT IS SO ORDERED.**