NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>CATHERINE TRINH,<br>    Debtor. | BAP No. CC-21-1255-TLS<br><br>Bk. No. 2:18-bk-11475-RK |
| CATHERINE TRINH,<br>    Appellant,<br>v.<br>HOWARD GROBSTEIN, Plan Trustee,<br>    Appellee. | **MEMORANDUM**\* |

Appeal from the United States Bankruptcy Court
for the Central District of California
Robert N. Kwan, Bankruptcy Judge, Presiding

Before: TAYLOR, LAFFERTY, and SPRAKER, Bankruptcy Judges.

## INTRODUCTION

Appellant Catherine Trinh appeals from an order approving a sale of real property pursuant to her chapter 11 plan. But she does not establish that the sale injures her individually. Instead, she argues that her non-debtor husband's pending appeal divested the bankruptcy court of

---

\* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

1

jurisdiction over the sale and that additional harms to her husband or others might result from the sale.

We find that the bankruptcy court had jurisdiction to approve the sale and that Ms. Trinh has no standing in this appeal. Accordingly, we DISMISS.

**FACTS[1]**

Appellant Catherine Trinh filed a chapter 11[2] petition and scheduled a 15% interest in her Arcadia, California residence (the "Arcadia Property"). Post-petition her non-debtor husband, Kevin Voong, initiated an adversary proceeding seeking a determination that 85% of the Arcadia Property was his separate property. The bankruptcy court disagreed; it found that the Arcadia Property was 100% community property and, therefore, entirely property of the estate. Mr. Voong appealed this decision, first to the district court, which affirmed, and then to the Ninth Circuit Court of Appeals, where the matter is pending.

In the meantime, Ms. Trinh filed and confirmed a Fourth Amended Plan of Reorganization ("Plan"). The Plan created the Trinh Post-Confirmation Plan Trust ("Plan Trust") to hold and liquidate her non-

---

[1] We exercise our discretion to take judicial notice of documents electronically filed in the bankruptcy case and the adversary proceeding, case no. 2:18-ap-01209-RK. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

[2] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure.

exempt property including the estate's interest in the Arcadia Property. The Plan named a "Plan Trustee" and instructed him to "[a]dminister, sell, liquidate, or otherwise dispose of the [Plan Trust assets] in accordance with the terms of the Plan and the Plan Trust" after obtaining approval of the bankruptcy court. Mr. Voong did not object to confirmation of the Plan.

Consistent with the directions of the Plan and Plan Trust, the Plan Trustee sought bankruptcy court approval to sell the Arcadia Property (the "Sale Motion").[3] Ms. Trinh timely opposed and advanced three theories: (1) the bankruptcy court lacked jurisdiction to approve the sale given Mr. Voong's pending appeal; (2) the sale would cause Mr. Voong unspecified adverse tax consequences; and (3) moving from the Arcadia Property would be a burden because of unspecified health issues related to unspecified parties. Her other complaints did not raise a sale-related problem.

Three days before the sale hearing, a group of 16 creditors filed a "Joinder in Opposition by Debtor" to the proposed sale. But Mr. Voong neither joined in Ms. Trinh's objection nor filed his own.

At the sale hearing, the bankruptcy court determined that it had jurisdiction to approve the sale and overruled Ms. Trinh's objection. It also

---

[3] The motion was brought under § 363 but the sale was approved by the bankruptcy court "pursuant to the Plan," which provided that the court shall approve all sales.

approved the sale.[4] Ms. Trinh timely appealed, but neither Mr. Voong nor any creditor filed a timely appeal.[5]

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(N) & (O).[6] We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

1.   Whether Mr. Voong's pending appeal divested the bankruptcy court of jurisdiction over the Sale Motion.

2.   Whether Ms. Trinh has standing to appeal the Sale Order.

## STANDARDS OF REVIEW

A bankruptcy court's decision regarding its subject matter jurisdiction is reviewed de novo. *Vylene Enters., Inc. v. Naugles, Inc. (In re Vylene Enters., Inc.),* 90 F.3d 1472, 1475 (9th Cir.1996).

Standing is an issue of law that we review de novo while the factual determinations underlying a standing decision are reviewed for clear error. *Palmdale Hills Prop., LLC v. Lehman Com. Paper, Inc. (In re Palmdale Hills Prop., LLC),* 654 F.3d 868, 873 (9th Cir. 2011) (citations omitted).

---

[4] Mr. Voong's brother, James Voong, submitted the winning bid of $4,195,000, but apparently later "refused to close the sale." A review of the court docket discloses that the bankruptcy court ordered his $114,000 deposit forfeited.

[5] Sixteen creditors later filed a Motion to Intervene with the BAP seeking status as Appellees in this appeal. The Panel denied their motion.

[6] In her Opening Brief, Ms. Trinh states – "[t]he Bankruptcy Court had jurisdiction over the subject contested matter pursuant 28 U.S.C. §§ 1334(b) and 157(b)(2)(N)." Brief at 2. This is curious because her brief focuses on the alleged the lack of jurisdiction to sell the Arcadia Property.

## DISCUSSION

**A.    Mr. Voong's appeal did not divest the bankruptcy court of jurisdiction to approve the sale of the Arcadia Property.**

The "divestiture of jurisdiction rule" is a judge-made doctrine designed to avoid the confusion or waste of time that results when an appellate court and a trial court are concurrently considering the same issue. *See United States v. Claiborne,* 727 F.2d 842, 850 (9th Cir. 1984). Under this rule, a trial court "may not finally adjudicate substantial rights directly involved in [an] appeal." *Neary v. Padilla (In re Padilla),* 222 F.3d 1184, 1190 (9th Cir. 2000) (cleaned up).

Ms. Trinh argues that the bankruptcy court's approval of the sale of the Arcadia Property "finally adjudicated substantial rights directly involved in the Voong appeal." We disagree.

Mr. Voong's appeal will determine whether he owns a partial interest in the Arcadia Property and is entitled to a portion of the Arcadia Property sale proceeds. But the Sale Order does not "adjudicate" the ownership rights directly involved in his appeal. Adjudicate means "to make an official decision about who is right in (a dispute): to settle judicially."[7] The Sale Order makes no decision about the ownership of the Arcadia Property; and it did not need to do so because the Liquidating Trustee had the right to sell the Arcadia Property even if Mr. Voong prevails on appeal.

---

[7] "*Adjudicate,*" Merriam-Webster.com, https://www.merriam-webster.com/dictionary/adjudicate (last visited Sept. 21, 2022).

The bankruptcy court approved the sale of the Arcadia Property under the Plan, not § 363(h), which authorizes sale of jointly owned property. And we acknowledge that the Plan and confirmation documents do not articulate a legal basis for the Trustee's sale of what might be jointly owned property if § 363(h) is unavailable. But we affirm because deemed consent and California law fill the lacuna.

Mr. Voong never objected to the liquidation of the jointly owned home either in connection with Plan confirmation or in connection with the Sale Motion itself; these failures are fatal to any complaint about the sale.

First, the bankruptcy court could assume his consent to the sale because he remained silent after notice and an opportunity to be heard in both the confirmation context, where the confirmation order established a general process for sale, and then in the sale approval process where the bankruptcy court's order approved a particular sale. The Plan allowed sale of estate assets which would include the admitted 15% interest in the Arcadia Property and, even if Mr. Voong prevailed on appeal, the exercise of Ms. Trinh's rights as a co-owner. And in connection with the sale itself, Mr. Voong retained his rights on appeal, but waived his right to contest the manner of the sale of what he claims to be jointly owned real estate.

And California law, which expressly governs the Plan Trust and obviously governs the sale of jointly owned California real property, allows joint owners an absolute right to partition absent waiver. Cal. Civ. Proc. Code § 872.710(b). While partition-in-kind is the preferred option,

6

partition-by-sale is available where a co-owner consents or, as is undoubtedly the case with a single-family residence, partition-in-kind is inequitable. Cal. Civ. Proc. Code § 872.210; 872.820.  True, the California partition statutes require a court order and that Mr. Voong be provided an opportunity to be heard, but the Plan provided the required procedural protections through the confirmation process and by requiring bankruptcy court approval of any sale.

In short, Mr. Voong had the right to argue for partition-in-kind as opposed to partition-by-sale and a division of proceeds, but he did not do so. No doubt, he recognized that partition-in-kind of a single-family residence is unworkable. Instead, given a right to argue against the form of partition, he consented to the sale again while retaining, through his pending appeal, his right to claim sale proceeds if successful on appeal.

Ms. Trinh argues that *Ginger Root Office Assoc., LLC v. Farmer*, (*In re Advanced Packaging & Products Co.*), 426 B.R. 806, 827-828 (C.D. Cal. 2010), supports her arguments. We disagree. There the asset at issue was owned 100% by either the debtor or another entity. The appeal, thus, directly decided ownership and the resultant right to sell the asset; the debtor had no right to sell if it had no interest in the asset at issue. Again, given Ms. Trinh's undisputed partial interest in the Arcadia Property, the terms of the Plan, and the state law that governs the Plan Trust, the right to sell is not impacted even if Mr. Voong prevails in his appeal.

The *Advanced Packaging* court cited *In re Padilla*, 222 F.3d 1184 at 1190 which in turn cited *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982) as controlling its decision. *Advanced Packaging,* 426 B.R. at 826. In *Griggs*, the Supreme Court commented that the practical problem leading to the divestment of jurisdiction doctrine was the danger a trial court and an appellate court would be simultaneously analyzing the same judgment. 459 U.S. at 59. As already discussed, these concerns do not arise here.

**B.   Ms. Trinh does not have standing in this appeal.**

"A federal court may exercise jurisdiction over a litigant only when that litigant meets constitutional and prudential standing requirements." *Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal)*, 450 B.R. 897, 906 (9th Cir. BAP 2011) (citation omitted). "Constitutional standing requires an injury in fact, which is caused by or fairly traceable to some conduct or some statutory prohibition, and which the requested relief will likely redress." *Id.* (citing *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 273-74 (2008); additional citations omitted).

"The prudential standing doctrine or the 'person aggrieved test' provides that '[o]nly those persons who are directly and adversely affected pecuniarily by an order of the bankruptcy court . . . have standing to appeal that order.'" *Palmdale Hills Prop.,* 654 F.3d at 874 (quoting *Fondiller v. Robertson (In re Fondiller)*, 707 F.2d 441, 442 (9th Cir. 1983)). "An order that diminishes one's property, increases one's burdens, or detrimentally affects

one's rights has a direct and adverse pecuniary effect for bankruptcy standing purposes." *Harkey v. Grobstein (In re Point Ctr. Fin., Inc.)*, 890 F.3d 1188, 1191 (9th Cir. 2018) (citation omitted). "[S]tanding in federal court is a question of federal law, not state law." *Hollingsworth v. Perry*, 570 U.S. 693, 695 (2013).

Ms. Trinh bears the burden of proving standing. *Hasso v. Mozsgai (In re La Sierra Fin. Servs., Inc.)*, 290 B.R. 718, 726 (9th Cir. BAP 2002). She fails to meet it.

### 1. California law does not create standing.

Ms. Trinh contends that she has standing under California probate law. Specifically, she agrees with us that the Plan Trust is governed by California law, argues that she is an interested person under California Probate Code § 48(a) in connection with the sale of the Arcadia Property, and then leaps to the conclusion that she, therefore, has an unfettered right to object to the sale under California Probate Code § 1043(a) and to appeal when her objection is overruled.[8] She argues that *In re Estate of Prindle*, 173

---

[8] California Probate Code § 17200.1 states: "All proceedings concerning the transfer of property of the trust shall be conducted pursuant to the provisions of Part 19 (commencing with <u>Section 850</u> ) of Division 2." California Probate Code § 1043 states: "(a)  An interested person may appear and make a response or objection in writing at or before the hearing. (b) An interested person may appear and make a response or objection orally at the hearing. . . . " California Probate Code § 48(a) states: "(a)  . . . "'interested person' includes any of the following: (1)  An heir, devisee, child, spouse, creditor, beneficiary, and any other person having a property right in or claim against a trust estate or the estate of a decedent which may be affected by the proceeding."

Cal.App.4th 119 (2009) holds that under California law virtually any person with an interest in the probate estate has standing to object to a sale of probate estate assets. But *Prindle* does not go that far. Instead, the *Prindle* court states that the California Probate Code *permits* a probate court to designate a person as an interested person if they have an interest in the probate estate while also allowing the probate court to determine on a case-by-case basis whether the person's interest is sufficient for interested person status. *Id.* at 126.

Thus, California law does not apply as broadly as Ms. Trinh asserts. Even the case she relies on indicates that a probate court has discretion as to interested person status and can test sufficiency.

And even assuming she meets the interested person test and is entitled to participate, the objections she raises must be based on her personalized injury. Here, her objection to the sale focuses on her husband's claimed rights. We do not agree that she is an interested person as to her husband's alleged property interests or as to his alleged claims.

Finally, we do not agree that allegedly being an interested person under the allegedly broad umbrella of California law gives her standing by itself to appeal an adverse ruling in federal court. California law cannot create standing in a federal court appeal as the state courts have no power to enlarge or contract federal jurisdiction. *Magadia v. Wal-Mart Assocs., Inc.* 999 F.3d 668, 674-675 (9th Cir. 2021). Standing in a federal court is a question of federal law, not state law. *Id.* at 674.

## 2. Ms. Trinh is not an aggrieved person and thus does not have standing in this appeal.

Standing must be established by persons seeking appellate review, just as it must be met by persons appearing in trial courts. *Hollingsworth*, 570 U.S. at 705. To have standing to appeal in federal court an appellant must "seek relief for an injury that affects him in a 'personal and individual way.' She must possess a 'direct stake in the outcome' of the case." *Id.*

The Plan Trustee asserts that Ms. Trinh will not receive anything from the Plan Trust unless all unsecured claims are paid in full. According to the Plan Trustee, the asserted and allowed administrative claims total $1,186,742.94 while the filed claims total $52,318,619.60. Ms. Trinh makes no effort to dispute that the estate is hopelessly insolvent. Thus, she cannot claim any injury from this sale.

Ms. Trinh argues that "the 'person aggrieved' test for standing to appeal should be inapplicable once Article III case or controversy is established," relying on *Lexmark Intern., Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014). She asserts that where a specific statute gives a party a specific right to assert a claim, the Panel lacks discretion to decline to hear it. She then relies on California probate law for an allegedly specific grant of such a right. But as we have already noted, California law does not apply as she asserts.

And even if she has broad rights of objection under California law, Ms. Trinh does not have an injury "caused by or fairly traceable" to the

11

conduct of the Plan Trustee and the Arcadia Property sale. Article III's core principle is that each plaintiff must assert her own legal rights and interests and cannot rest her claim to relief on the legal rights or interests of third parties. *Magadia*, 999 F.3d at 676-77.

Ms. Trinh seeks to circumvent this problem by arguing that she personally **might** be injured by the Arcadia Property sale. First, she argues without support that her husband might be liable for capital gains taxes on the sale of the property. We cannot make that leap. Here there is no evidence or even specific argument in the record supporting that adverse tax consequences to Mr. Voong or Ms. Trinh will arise on account of the Arcadia Property sale.

And her claim of injury related to the need to vacate the Arcadia Property after sale does not bridge the gap. Her plan requires sale. The Bankruptcy Code requires that she cooperate with a sale if appropriate. Even if she supported her assertion with evidence of her own injury – as opposed to what appears to be mere allegations regarding the health of another – she does not establish a potential for personal harm as a result of a sale that is required by the Plan that she proposed. Indeed, the Arcadia Property sale is beneficial to her as it allows her to fulfill her duties under her Plan. [9]

---

[9] And given the complete lack of evidence for or substance to her arguments and the procedural history of this case, if consideration of the merits is appropriate, we would affirm.

In short, Ms. Trinh has not met her burden to show either constitutional or prudential standing.

## CONCLUSION

Based on the foregoing, we DISMISS.